UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **VICTOR BAKER, d/b/a ONE TREASURE LIMITED, and ONE TREASURE LTD.,** *Plaintiff,* | § § § § | |
| v. | § § | **CIVIL ACTION NUMBER** |
| **PENGUIN RANDOM HOUSE, L.L.C., f/k/a RANDOM HOUSE, INC., d/b/a RANDOM HOUSE FILMS,** | § § § § | 1:20-cv-00004 |
| **AMAZON TECHNOLOGIES, INC., d/b/a PRIME VIDEO and AMAZON PRIME, and** | § § § | **JURY** |
| **NETFLIX, INC., d/b/a NETFLIX,** *Defendants* | § § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW PLAINTIFF, Victor Baker, d/b/a One Treasure Limited and One Treasure Ltd. ("One Treasure Limited"), and files this its Original Complaint, complaining of DEFENDANTS, Penguin Random House, L.L.C., f/k/a Random House, Inc., d/b/a Random House Films ("Random House Films"), Amazon Technologies, Inc., d/b/a Prime Video and Amazon Prime ("Amazon"), and Netflix, Inc., d/b/a Netflix ("Netflix"), and in support thereof would show as follows:

### I.  PARTIES

1.      Plaintiff is an individual doing business as One Treasure Limited and One Treasure Ltd., residing and with his principal place of business in Austin, Travis County, Texas.

2.      Defendant, Penguin Random House, L.L.C., is a foreign corporation organized under the laws of the State of Delaware, and can be served with process through its registered agent, Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808..

**Page 1 of 6**

F:\Clients\19000 C-19600-01-19999-003\19632 - Baker, Vic  General File - Destroyed 8-29-19\19632.019 - baker - curacao\Movie Litigation\PLEADINGS\ORIGINAL COMPLAINT - jmw.doc - JMW

3. Defendant, Amazon Technologies, Inc., is a foreign corporation organized under the laws of the State of Nevada, and can be served with process through its registered agent, Corporation Service Company, 112 North Curry Street, Carson City, Nevada 89703.

4. Defendant, Netflix, is a foreign corporation organized under the laws of the State of Delaware, and can be served through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, Delaware 19801.

## II.  JURISDICTION & VENUE

5. This action arises under the Copyright Act of 1976, Title 17, United States Code, and subject matter jurisdiction is founded on Title 28, United States Code § 1338(a).

6. This Court has general jurisdiction over Defendants because they do business in this State.  Specifically, Random House Films produces films and other video productions in association with others for distribution to end consumers throughout Texas, including in the Western District of Texas.  Amazon and Netflix distribute those films and productions to consumers in the Western District of Texas.  Amazon also maintains extensive facilities in the Western District of Texas for the distribution of goods and services purchased by consumers through its website, www.amazon.com.

7. This Court also has specific jurisdiction over Defendants.  Specifically, Random House Films produced the film containing the infringing material more specifically described below, with the expectation it would be distributed throughout Texas, including the Western District of Texas, both in theaters, as well as through DVD and Blu-ray discs and internet streaming services.  Netflix and Amazon distributed the film within the Western District of Texas in disc form and through internet streaming services.

8. For the same reasons justifying jurisdiction in this State, venue is conferred in this

F:\Clients\19000 C-19600-01-19999-003\19632 - Baker, Vic  General File - Destroyed 8-29-19\19632.019 - baker - curacao\Movie Litigation\PLEADINGS\ORIGINAL COMPLAINT - jmw.doc - JMW

judicial district by Title 28, United States Code, Section 1400(a).

### III.  FACTS COMMON TO ALL CAUSES OF ACTION

9. Plaintiff is engaged in the business of creating, producing, and marketing antique-style, watercolor maps of the Caribbean islands and other locations around the World.  These maps are primarily sold as large printed copies of their respective originals to tourists in the areas they depict.

10. Plaintiff is the owner of the copyright in a map entitled "Curacao," a copy of which is attached as Exhibit A.  The map is registered with the U.S. Copyright Office, registration number VA 1-738-444, with an effective date of registration of April 13, 2009.

11. Defendant, Penguin Random House, L.L.C., formerly known as Random House, Inc., operates a unit under the name Random House Films.  It participated in production of a film entitled "Lay the Favorite," including world-famous actors, Bruce Willis, Vince Vaughn, and Catherine Zeta-Jones.  The film purports to be based on a true story involving the sports-betting industry.  Part of the film is based on the Caribbean island of Curacao, where the characters locate their sports gambling operation to circumvent United States gambling laws.  Plaintiff's map of Curacao is displayed prominently in several scenes, tacked to the wall of the office in which gambling operations take place.  These scenes include two of the film's major characters, including Vince Vaughn.  Still images from the movie showing use of the map are attached at Exhibit B.  In this regard, the map plays a significant role in the movie, emphasizing the storyline that the characters have located their gambling operation in Curacao.

12. Defendant, Amazon, is in the business of, among other things, distributing movies through digital discs its internet streaming service known as Amazon Prime and Prime Video.  It has in the past and continues to offer Lay the Favorite through both digital discs and its

Page 3 of 6

F:\Clients\19000 C-19600-01-19999-003\19632 - Baker, Vic  General File - Destroyed 8-29-19\19632.019 - baker - curacao\Movie Litigation\PLEADINGS\ORIGINAL COMPLAINT - jmw.doc - JMW

streaming service.

13. Defendant, Netflix, is also in the business of distributing movies through its internet streaming service. It has in the past, and as late as November 2019, offered Lay the Favorite through its streaming service. It is believed Netflix also distributed the movie through digital discs before it ended the service.

14. One Treasure Limited never authorized use of Curacao in the movie.

## IV. CAUSES OF ACTION

### A) COPYRIGHT INFRINGEMENT.

15. Defendants' use of Curacao constitutes an infringing act or series of actions as defined and as actionable under the federal Copyright Act of 1976, Title 17, United States Code.

### B) DAMAGES

16. Plaintiff is entitled to the statutory damages set forth in 17 United States Code, Section 504(c). Specifically, Plaintiff is entitled to a minimum of $750.00 and a maximum of $30,000.00 for said use.

17. In addition, Defendants' infringement of Curacao was willful in that they had actual knowledge of Plaintiff's ownership of it, or acted in reckless disregard of the possibility that their use would infringe Plaintiff's copyright. Specifically, Random House Films knew or reasonably should have known that Plaintiff owned the map from the contact information in its bottom-left corner because his contact information is visible in the still images from the movie at Exhibit B. Random House Films is in the film business, is very aware of the need to obtain clearance from owners of intellectual property used in their films, and, yet, wholly failed to attempt to do so. For said willful infringement, Plaintiff is entitled to recover up to $150,000.00.

18. In the alternative to recover of statutory damages, Plaintiff seeks damages

**Page 4 of 6**

F:\Clients\19000 C-19600-01-19999-003\19632 - Baker, Vic  General File - Destroyed 8-29-19\19632.019 - baker - curacao\Movie Litigation\PLEADINGS\ORIGINAL COMPLAINT - jmw.doc - JMW

measured by the fair-market, license fee for the map. Plaintiff is further entitled to any profits made by Defendants from their infringing acts. Both measures of damages are prescribed by 17 United States Code Annotated, Section 504(b).

19. Plaintiff contends all Defendants are jointly and severally liable for any damages awarded for use of Curacao. Specifically, Defendants are joint tortfeasors and Plaintiff may recover from them the entirety of the damages caused by and awarded based on the other's actions.[1] Defendants are also jointly and severally liable for any profits awarded to the extent any two or more Defendants acted in concert to infringe Curacao.[2]

### C) INJUNCTIVE RELIEF

20. Pursuant to 17 U.S.C.A. § 1498, Plaintiff further requests that Defendants be permanently enjoined from distributing the movie with scenes displaying the map.

21. In support of its request, Plaintiff would show that it has an inadequate remedy at law for Defendants' continuing infringement of the maps, even following an award of damages in this case. In particular, were Defendants to continuing their infringing activity, Plaintiff would be required to repeatedly sue them for damages. Irreparable harm exists justifying injunctive relief when a multiplicity of suits is the only method by which a party can obtain relief for an injury to his property rights.[3]

### D) ATTORNEY'S FEES.

22. Plaintiff is entitled to recovery of its costs and attorneys' fees reasonably incurred in pursuit of this action as set forth by 17 United States Code Annotated §505.

---

[1] ***Salton, Inc. v. Philips Domestic Appliances and Personal Care B.V.***, 391 F.3d 871, 877 (7th Cir. 2004) (holding that "[u]nder the principle of joint and several liability, which governs not only the common law tort of misappropriation of trade secrets but also the federal statutory tort of copyright infringement [citations omitted] the victim of a tort is entitled to sue any of the joint tortfeasors and recover his entire damages from that tortfeasor.").

[2] ***Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.***, 772 F.2d 505, 519 (9th Cir. 1985).

## V.  JURY DEMAND

23. Plaintiff demands trial by jury as to this action.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be cited to appear and answer herein, and that upon final trial, Plaintiff have the following:

a) Such damages as Plaintiff has sustained in consequence of Defendants' infringement of Plaintiff's copyright, and an accounting for all gains, profits, and advantages derived by Defendants through such infringement;

b) In the alternative, Plaintiff seeks statutory damages as set forth by 17 U.S.C.A. §504(c), as well as an increase in said award for Defendant's willful infringement of same;

c) Attorneys' fees and costs reasonably incurred as provided by 17 U.S.C.A. §505; and,

d) such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**BLAZIER, CHRISTENSEN, BIGELOW & VIRR, P.C.**
Attorneys and Counselors at Law
901 S. Mopac Expy., Bldg. V, Ste. 200
Austin, Texas 78746
512.476.2622
jwelch@blazierlaw.com

_____
JUSTIN M. WELCH
Texas State Bar No.:  24003876
**ATTORNEYS FOR PLAINTIFF**

---

3  *Braniff Airways, Incorporated v. Toren*, 50 B.R. 393, 402 (N.D.Tex. 1984).

**Page 6 of 6**

F:\Clients\19000 C-19600-01-19999-003\19632 - Baker, Vic  General File - Destroyed 8-29-19\19632.019 - baker - curacao\Movie Litigation\PLEADINGS\ORIGINAL COMPLAINT - jmw.doc - JMW